GHR ENERGY CORP., et al.

v.

CARBOLINE COMPANY, et al.

Civ. A. No. 87–1165.

United States District Court,
E.D. Louisiana.

Aug. 30, 1990.

Michael G. Crow, William B. Gaudet, New Orleans, La., for TransAmerican.

Philip E. Henderson, Henderson, Hanemann & Morris, Houma, La., for defendants Intern. Ins. Co. and U.S. Fire Ins. Co.

Craig R. Nelson, Hulse, Nelson & Wanek, New Orleans, La., for Columbia Cas. Co.

Dermot S. McGlinchey, Christopher J. Aubert and James M. Garner, McGlinchey, Stafford, Cellini & Lang, New Orleans, La., for Granite State Insur. Co.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the motion of plaintiff, TransAmerican Refinery Corporation ("TRC"), for summary judgment. TRC is the successor to GHR Energy Corporation. Plaintiff bases this motion on recent Louisiana Supreme Court jurisprudence,[1] which TRC asserts makes its claims of failure to warn, as a matter of law, not prescribed. The Court, after reviewing the motion, memoranda of counsel, the record and the law, denies the motion for the reasons set forth below.

## FACTS

The claims of the plaintiff against the defendants in this matter involve the use of a fire retardant called Pyrocrete 102 made by defendant Carboline. This chemical was applied by the plaintiff on certain pipes in its refinery. Allegedly, this chemical, which was purchased and applied by the plaintiff, caused accelerated corrosion of these pipes over a period of time beginning in the late 1970s and continuing to the present. In 1987, TRC brought suit over the damages allegedly caused by Pyrocrete 102. By previous Order, the Court bifurcated this matter. The first issue to be tried is prescription, which is currently set for October 15, 1990. TRC's present motion for summary judgment is based on the prescription issue.

1. *Bunge Corp. v. GATX Corp.,* 557 So.2d 1376 (La.1990).

## ANALYSIS

TRC asserts two reasons why it is now entitled to a ruling that its claims are not prescribed as a matter of law: (1) Carboline's failure to adequately warn of the potential problems with Pyrocrete 102, the failure to disclose such problems to TRC, and the misrepresentations that Carboline made to TRC in October of 1986, all constitute a separate tort which results in a new prescription period; and (2) Carboline's failure to adequately warn or disclose amounts to a continuing tort which suspends prescription. TRC asserts that the Louisiana Supreme Court's decision in *Bunge Corporation v. GATX Corporation*, 557 So.2d 1376 (La.1990) mandates summary judgment be granted in its favor on these two points.

The Court is unpersuaded. First, in a previous motion filed by Carboline, *TRC argued strenuously that there were contested issues of material fact* regarding when it knew or should have known of the corrosive properties of Pyrocrete 102. TRC now argues that now there are no contested issues fact regarding its prior knowledge because, under *Bunge*, Carboline's conduct amounts to either a continuing or separate tort. TRC makes this argument despite the Court's earlier ruling that there are material facts in dispute regarding TRC's prior knowledge of the corrosive propensities of Pyrocrete 102. Second, TRC implies that *Bunge* makes prior knowledge inconsequential, as long as they can point to some evidence of Carboline's failure to disclose. In their reply brief, TRC, in an apparent attempt to counter the evidence offered by the defendants that TRC was aware of the corrosive properties of Pyrocrete 102, states that regardless of their knowledge of aluminum corrosion, no evidence points to their knowledge of *carbon steel* corrosion. And, that since they were not warned by Carboline of the

corrosive dangers to *carbon steel*, a separate or continuing tort exists.

In *Bunge*, predecessor corporations of GATX contracted with the plaintiff to build a grain storage tank. Construction of the tank was completed in 1969. In 1982, the tank ruptured and caused damage to the plaintiff's adjoining property and equipment. In the subsequent suit, Bunge claimed that after GATX built the tank, GATX learned that the tank could rupture under certain conditions and yet failed to advise Bunge of this propensity. The trial court granted GATX's motion for summary judgment, ruling that the ten year peremptive period as set forth in La.Rev.Stat.Ann. 9:2772 barred all claims Bunge had against GATX. The court of appeals affirmed the ruling. The Louisiana Supreme Court overruled and remanded, framing the question this way:

> The issue before us is whether the ten year peremptive period for actions arising out of construction defects as set out in R.S. 9:2772 applies where a contractor acquires knowledge of a hazardous condition in his construction and yet fails to warn the owner.[2]

The *Bunge* court answered this question in the negative. The court ruled that:

> The only situation where the peremptive period [in § 9:2772] will not apply is that in which a builder is in bad faith because he acquired knowledge of a hazard not reasonably discoverable through the owner's diligence and failed to disclose, whether such failure falls within the ten year period following occupancy or acceptance or after that period expires.

*Bunge*, 557 So.2d at 1387. However, the Louisiana legislature in the 1990 Session specifically eliminated this judicially created exception by amending § 9:2772.[3] What we are left with in the *Bunge* opin-

---

2. *Id.* at 1378.

3. 1990 La. Acts 712 (West). The amendment to § 9:2772 reads in pertinent part:
   B. The causes which are perempted within [ten years] include any action:
   (1) For any deficiency ... in the construction of any improvement to immovable property;

(5) Deficiency, as used in this Section, includes failure to warn the owner of any dangerous or hazardous condition, regardless of when knowledge of the danger or hazard is obtained or should have been obtained.
La.Rev.Stat.Ann. § 9:2772(B).

ion, therefore, is a discussion in dicta applying the general policy considerations of manufacturer accountability to the suspension of prescriptive periods, arguably not even an issue in the case. The court noted that "[o]rdinarily the art. 3492 prescriptive period for delictual actions begins to run on the day the injury is sustained and lapses one year later. However, 'there is an exception where there was no knowledge of the fact that there was damage or where, through some act of the party who caused the damage, the injured person is kept in ignorance of the fact that there has been damage or the cause thereof.'" *Id.* at 1386 (citing *Perrin v. Rodriquez,* 153 So. 555, 556 (La.App. Orleans 1934)). The *Bunge* court then extended this analysis to the failure to warn situation:

> In this case, the injury arises from the alleged failure to disclose knowledge of a hazardous situation. So long as the defendant with a duty to disclose possesses knowledge and yet fails to act, the tort is a continuing one which renews itself from day to day. Prescription in such a case will not begin to run until the time when plaintiff learns that he has been injured by the failure to disclose.

*Id.*[4]

■ TRC now urges the Court to apply this dicta in *Bunge* to the present situation, namely, whether its claims in redhibition, negligence, and strict liability against the defendants are prescribed. Aside from the fact that § 9:2772 may not even apply to the present case,[5] the *Bunge* ruling has been legislatively overruled. Furthermore, the continuing tort theory simply cannot apply in failure to warn cases.[6] The continuing tort theory of prescription can apply only when the tortious conduct is capable of abatement. *Compare South Central Bell Telephone v. Texaco, Inc.,* 418 So.2d 531 (La.1982) (defendant's leaking gasoline tanks continued to damage plaintiff's telephone cables long after initial damage) with *Mouton v. State,* 525 So.2d 1136 (La.App. 1st Cir.), *writ denied,* 526 So.2d 1112 (La.1988) (rejecting plaintiff's argument that the continuous presence of toxic waste on his property suspended prescription until the waste was removed). Therefore, the continuing tort theory of prescription cannot apply to a failure to warn since a failure to warn is not capable of abatement, especially if there is no disclosure. Were courts to find otherwise, prescription would for all practical purposes cease to exist in failure to warn cases—regardless of whether the plaintiff had learned of the danger by the occurrence of the injury.

The Court simply cannot conceive that such a result was ever intended by the Louisiana Supreme Court.[7] Additionally, the Court notes the Louisiana legislature's recent amendment to § 9:2772, which overrules *Bunge* and specifically includes failure to warn as a "deficiency" subject to the ten year peremptive period.[8] This further indicates that the dicta in *Bunge* is anomalous.

■ Therefore, the Court finds, as it did in Carboline's previous motion for summary judgment on the prescription issue, that there are contested issues of fact with respect to TRC's knowledge of the corrosive qualities of Pyrocrete 102. These contested issues of fact are material because if the jury finds TRC knew or should have known that Pyrocrete 102's corrosive qualities were causing accelerated corrosion damage

---

4. However, the court acknowledged that this was not the situation in *Bunge* because suit was filed within one year of the rupture of the tank. *Bunge,* 557 So.2d at 1386. Knowledge of the failure to disclose, though, will bar tort claims:

> It is feasible that a defendant could show that plaintiff received notice of defendant's failure to disclose over one year before suit was filed. On such a showing, plaintiff's tort claims would be barred.

*Id.* at 1386 n. 5.

5. The defendants argue that § 9:2772 is intended to apply to construction defects in immovable property, not to defective product claims. Indeed, § 9:2772 is not mentioned in the plaintiff's complaint.

6. Neither of the continuing tort cases upon which *Bunge* and the present plaintiff rely allege failure to warn.

7. *See supra* note 4.

8. *See supra* note 3.

to its refinery pipes more than one year prior to filing suit, such a finding would be determinative on the prescription issue, regardless of Carboline's duty to disclose.

Accordingly,

IT IS ORDERED that the motion of plaintiff TransAmerican Refinery Corporation for summary judgment on the issue of prescription is DENIED, and the hearing set in this matter for August 29, 1990 is CANCELLED.