Dianne CASTANO, et al.

v.

The AMERICAN TOBACCO CO., et al.

Civ. A. Nos. 94–1044, 94–3000.

United States District Court,
E.D. Louisiana.

Sept. 22, 1994.

Order Denying Reconsideration
Nov. 15, 1994.

Daniel E. Becnel, Jr., Becnel, Landry & Becnel, Reserve, LA, Joseph M. Bruno, Bruno & Bruno, New Orleans, LA, Wells Talbot Watson, Baggett, McCall & Burgess, Lake Charles, LA, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA, Calvin Clifford Fayard, Jr., Donna Unkel Grodner, Fayard, Harris & Honeycutt, Denham Springs, LA, Michael X. St. Martin, St. Martin, Lirette, Shea, Watkins & McNabb, Houma, LA, George Febiger Riess, Monroe & Lemann, Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, New Orleans, LA, Daniel G. Abel, Wendell H. Gauthier, Dana Kim Cormier, Gauthier & Murphy, Metairie, LA, Edwin Rene Murray, Edwin R. Murray & Associates, Kenneth Michael Carter, Carter & Cates, Peter Joseph Butler, Peter J. Butler, Jr., Locke, Purnell, Rain & Harrell, P.C., New Orleans, LA, Elizabeth J. Cabraser, Richard M. Heimann, Robert Lieff, Lieff, Cabraser & Heimann, San Francisco, CA, Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, John (Jack) Brown Baldwin, Scott Baldwin, Baldwin & Baldwin, Marshall, TX, Bettye Anne Barrios, Johnson, Johnson, Barrios & Yacoubian, John Bologna Krentel, New Orleans, LA, Louie J. Roussel, III, Metairie, LA, Bruce C. Dean, New Orleans, LA, Perry Weitz, New York City, Melvin Belli, San Francisco, CA, Margaret Moses Branch, Turner Branch, Branch Law Firm, Albuquerque, NM, John P. Coale, Coale, Allen & Van Susteren, Washington, DC, Ralph Irving Knowles, Jr., Kenneth S. Canfield, Doffermyre, Shields, Canfield & Knowles, Atlanta, GA, Andrew W. Hutton, Mark B. Hutton, Michaud, Hutton & Bradshaw, Wichita, KS, Richard Alexander, The Alexander Firm, San Jose, CA, Stanley M. Chesley, Sherrill P. Hondorf, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, Gayle L. Troutwine, Jeffrey S. Merrick, Williams & Troutwine, Portland, OR, Robert D. Greenbaum, Myles H. Malman, Kohn, Nast & Graf, John P. Kopesky, Sheller, Ludwig & Badey, Philadelphia, PA, Michael L.

Williams, Williams & Troutwine, Portland, OR, Stephen Barnett Murray, Murray Law Firm, New Orleans, LA, Richard A. Daymard, Boston, MA, Jodi W. Flowers, Susan Nial, Charles W. Patrick, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, SC, Francis H. Hare, Jr., Attorneys Information Exchange Group, Inc., Birmingham, AL, Ronald L. Motley, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, SC, John R. Climaco, Climaco, Climaco, Seminatore, Lefkowitz & Garofoli, Cleveland, OH, for Dianne Castano.

Daniel E. Becnel, Jr., Becnel, Landry & Becnel, Reserve, LA, Joseph M. Bruno, Bruno & Bruno, New Orleans, LA, Wells Talbot Watson, Baggett, McCall & Burgess, Lake Charles, LA, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA, Calvin Clifford Fayard, Jr., Donna Unkel Grodner, Fayard, Harris & Honeycutt, Denham Springs, LA, Michael X. St. Martin, St. Martin, Lirette, Shea, Watkins & McNabb, Houma, LA, George Febiger Riess, Monroe & Lemann, Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, New Orleans, LA, Daniel G. Abel, Wendell H. Gauthier, Dana Kim Cormier, Gauthier & Murphy, Metairie, LA, Edwin Rene Murray, Edwin R. Murray & Associates, Kenneth Michael Carter, Carter & Cates, Peter Joseph Butler, Peter J. Butler, Jr., Locke, Purnell, Rain & Harrell, P.C., New Orleans, LA, Elizabeth J. Cabraser, Richard M. Heimann, Robert Lieff, Lieff, Cabraser & Heimann, San Francisco, CA, Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, John (Jack) Brown Baldwin, Scott Baldwin, Baldwin & Baldwin, Marshall, TX, Bettye Anne Barrios, Johnson, Johnson, Barrios & Yacoubian, John Bologna Krentel, New Orleans, LA, Louie J. Roussel, III, Metairie, LA, Bruce C. Dean, New Orleans, LA, Perry Weitz, New York City, Melvin Belli, San Francisco, CA, Margaret Moses Branch, Turner Branch, Branch Law Firm, Albuquerque, NM, John P. Coale, Coale, Allen & Van Susteren, Washington, DC, Ralph Irving Knowles, Jr., Kenneth S. Canfield, Doffermyre, Shields, Canfield & Knowles, Atlanta, GA, Andrew W. Hutton, Mark B. Hutton, Michaud, Hutton & Bradshaw, Wichita, KS, Richard Alexander, The Alexander Firm, San Jose, CA, Stanley

M. Chesley, Sherrill P. Hondorf, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, Gayle L. Troutwine, Jeffrey S. Merrick, Williams & Troutwine, Portland, OR, Robert D. Greenbaum, Myles H. Malman, Kohn, Nast & Graf, John P. Kopesky, Sheller, Ludwig & Badey, Philadelphia, PA, Michael L. Williams, Williams & Troutwine, Portland, OR, Richard A. Daymard, Boston, MA, Jodi W. Flowers, Susan Nial, Charles W. Patrick, Ness, Motley, Loadholt, Richardson & Pooler, P.A., Charleston, SC, Francis H. Hare, Jr., Attorneys Information Exchange Group, Inc., Birmingham, AL, Ronald L. Motley, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, SC, John R. Climaco, Climaco, Climaco, Seminatore, Lefkowitz & Garofoli, Cleveland, OH, for Ernest Perry.

Daniel E. Becnel, Jr., Becnel, Landry & Becnel, Reserve, LA, Joseph M. Bruno, Bruno & Bruno, New Orleans, LA, Wells Talbot Watson, Baggett, McCall & Burgess, Lake Charles, LA, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA, Calvin Clifford Fayard, Jr., Donna Unkel Grodner, Fayard, Harris & Honeycutt, Denham Springs, LA, Michael X. St. Martin, St. Martin, Lirette, Shea, Watkins & McNabb, Houma, LA, Michael Gallagher, Fisher, Gallagher & Lewis, Houston, TX, George Febiger Riess, Monroe & Lemann, Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, New Orleans, LA, Daniel G. Abel, Wendell H. Gauthier, Dana Kim Cormier, Gauthier & Murphy, Metairie, LA, Edwin Rene Murray, Edwin R. Murray & Associates, Kenneth Michael Carter, Carter & Cates, Peter Joseph Butler, Peter J. Butler, Jr., Locke, Purnell, Rain & Harrell, P.C., New Orleans, LA, John W. "Don" Barrett, Barrett Law Firm, Lexington, MS, Elizabeth J. Cabraser, Richard M. Heimann, Robert Lieff, Lieff, Cabraser & Heimann, San Francisco, CA, Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, John (Jack) Brown Baldwin, Scott Baldwin, Baldwin & Baldwin, Marshall, TX, Bettye Anne Barrios, Johnson, Johnson, Barrios & Yacoubian, John Bologna Krentel, New Orleans, LA, Louie J. Roussel, III, Metairie, LA, Bruce C. Dean, New Orleans, LA, Perry Weitz, New York City, Melvin Belli, San

Francisco, CA, Margaret Moses Branch, Turner Branch, Branch Law Firm, Albuquerque, NM, John P. Coale, Coale, Allen & Van Susteren, Washington, DC, Ralph Irving Knowles, Jr., Kenneth S. Canfield, Doffermyre, Shields, Canfield & Knowles, Atlanta, GA, Andrew W. Hutton, Mark B. Hutton, Michaud, Hutton & Bradshaw, Wichita, KS, Richard Alexander, The Alexander Firm, San Jose, CA, Stanley M. Chesley, Sherrill P. Hondorf, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, Jorge Ortiz–Brunet, Ortiz Toro & Ortiz–Brunet, Hato Rey, PR, Gayle L. Troutwine, Jeffrey S. Merrick, Williams & Troutwine, Portland, OR, Will Kemp, Las Vegas, NV, Dianne M. Nast, Robert D. Greenbaum, Myles H. Malman, Kohn, Nast & Graf, Philadelphia, PA, Francis O. Scarpulla, San Francisco, CA, Charles Zimmerman, Zimmerman & Reed, Minneapolis, MN, Stephen A. Sheller, John P. Kopesky, Sheller, Ludwig & Badey, Philadelphia, PA, Michael L. Williams, Williams & Troutline, Portland, OR, Stephen Barnett Murray, Murray Law Firm, New Orleans, LA, Richard A. Daymard, Boston, MA, Jodi W. Flowers, Susan Nial, Charles W. Patrick, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, SC, Steven J. Rodman, Allen, Rodman, P.C., Malden, MA, Sybil Shainwald, Law Offices of Sybil Shainwald, New York City, Francis H. Hare, Jr., Attorneys Information Exchange Group, Inc., Birmingham, AL, Ronald L. Motley, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, SC, John R. Climaco, Climaco, Climaco, Seminatore, Lefkowitz & Garofoli, Cleveland, OH, for George Solomon.

Robert E. Winn, Joy Goldberg Braun, Sessions & Fishman, New Orleans, LA, Bruce G. Sheffler, Chadbourne & Parke, New York City, for The American Tobacco Co.

Steven W. Copley, John Mason McCollam, Gordon, Arata, McCollam & Duplantis, New Orleans, LA, Gary R. Long, Shook, Hardy & Bacon, Kansas City, MO, for Lorillard Inc., Loews Corp.

John Mason McCollam, Gordon, Arata, McCollam & Duplantis, New Orleans, LA, Gary R. Long, Shook, Hardy & Bacon, Kansas City, MO, for Lorillard Tobacco Co.

Charles Fenner Gay, Jr., Scott Edward Delacroix, Thomas J. Wyllie, Adams & Reese, New Orleans, LA, Gary R. Long, Allen Rennie Purvis, Shook, Hardy & Bacon, Kansas City, MO, for Phillip Morris Inc.

Phillip A. Wittmann, Stone, Pigman, Walther, Wittmann & Hutchinson, Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for RJR Nabisco Inc.

Stephen H. Kupperman, Phillip A. Wittmann, S. Ann Saucer, Stone, Pigman, Walther, Wittmann & Hutchinson, Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Theodore M. Grossman, Paul G. Crist, Hugh R. Whiting, Mark A. Belasic, Jones, Day, Reavis & Pogue, Cleveland, OH, for R.J. Reynolds Tobacco Co.

John Jerome Weigel, Joseph Jacob Lowenthal, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, James V. Kearney, Francis K. Decker, Jr., Mudge, Rose, Guthrie, Alexander & Ferdon, New York City, for Liggett Group Inc., defendant.

Charles L. Chassaignac, Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for Reynolds R.J. Tobacco Co., Inc., Batus Holdings Inc., Batus Inc.

Robert E. Winn, Sessions & Fishman, New Orleans, LA, for American Brands Inc.

Charles W. Schmidt, III, Christovich & Kearney, New Orleans, LA, for U.S. Tobacco Co., UST Inc.

Alan Harry Goodman, Thomas Mente Benjamin, Lemle & Kelleher, New Orleans, LA, for The Tobacco Institute, Inc.

Steven W. Copley, John Mason McCollam, Gordon, Arata, McCollam & Duplantis, New Orleans, LA, for Loews Corp.

Gilbert V. Andry, IV, Jonathan Beauregard Andry, Andry & Andry, Morris H. Hyman, New Orleans, LA, for Shannon Neal.

Suzanne V. Foulds, pro se.

HEEBE, District Judge.

This cause came on for hearing on a previous day on the motion of defendants, The

American Tobacco Co., R.J. Reynolds Tobacco Co., Philip Morris Inc., Liggett and Myers, Inc., Liggett Group Inc., Brooke Limited, Lorillard Tobacco Co., Lorillard, Inc., Brown and Williamson Tobacco Corp., United States Tobacco Corp., and the Tobacco Institute, Inc., to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) on the bases of prescription and preemption.

The Court, having heard the arguments of counsel and having read the legal memoranda submitted by the parties, is now fully advised in the premises and ready to rule.

### REASONS

Plaintiffs, Dianne Castano, Ernest Perry and George Solomon, filed this lawsuit on March 29, 1994 and later filed an amended complaint against the major American tobacco companies and their subsidiaries, The American Tobacco Co., Inc., American Brands, Inc., R.J. Reynolds Tobacco Co., R.J.R. Nabisco, Inc., Brown & Williamson Tobacco Corp., Batus, Inc., Batus Holdings, Inc., Philip Morris, Inc., Philip Morris Companies, Inc., Liggett & Myers, Inc., Liggett Group, Inc., Brooke Group, Ltd., Lorillard Tobacco Co., Inc., Lorillard, Inc., Lowes Corp., United States Tobacco Co., UST, Inc., along with the trade association to which the tobacco companies belong, The Tobacco Institute, Inc. The plaintiffs filed their action on behalf of a yet-to-be-certified class of "all nicotine dependent persons in the United States."

The plaintiffs allege numerous claims: fraud and deceit, negligent misrepresentation, intentional infliction of emotional distress, violation of consumer protection statutes, breach of express warranty, breach of implied warranty, negligence, strict liability, redhibition, and equitable relief. Plaintiffs' claims are based on their contention that defendants intentionally failed to disclose, and in fact concealed, knowledge that nicotine is addictive and that defendants manipulate nicotine levels in their cigarettes for the purpose of addicting consumers to their products and sustaining that addiction.

Several of the defendants, The American Tobacco Co., R.J. Reynolds Tobacco Co., Philip Morris Inc., Liggett and Myers, Inc., Liggett Group Inc., Brooke Group Limited, Lorillard Tobacco Co., Lorillard, Inc., Brown & Williamson Tobacco Corp., United States Tobacco Co., and the Tobacco Institute, Inc., filed this motion to dismiss, pursuant to Fed. R.Civ.P. 12(b)(6), on the bases of prescription and preemption. Plaintiffs oppose this motion to dismiss as to any and all of their claims.

■■■ For the purpose of considering a motion pursuant to Fed.R.Civ.P. 12(b)(6), the Court must take the plaintiffs' allegations as true, view them in the light most favorable to the plaintiffs, and draw all inferences in favor of plaintiffs. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982). Dismissal under Rule 12(b)(6) is not appropriate unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir.1986).

### PRESCRIPTION

Defendants argue, first, that the plaintiffs' claims are time-barred under the Louisiana law of prescription. Under Louisiana law, tort claims are barred unless they are brought within one year from the day injury or damage is sustained. La.Civ.Code art. 3492 (West 1994). The Louisiana Supreme Court has established that "prescriptive statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished; of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted." *Bustamento v. Tucker*, 607 So.2d 532, 537 (La.1992) (citations omitted).

The plaintiffs' claims, as stated in the complaint and the amended complaint, are based on injuries which they allege were caused by tortious actions by the defendants; the allegedly tortious actions span many years, from several decades ago to early 1994. "When a petition reveals on its face that prescription has run, the plaintiff has the burden of showing why the claim has not prescribed." *Wimberly v. Gatch*, 635 So.2d 206, 211 (La.

1994). Plaintiffs contend that their claims have not prescribed because either: (1) the continuous tort doctrine applies, preventing prescription from running, or (2) prescription was suspended or interrupted under the doctrine of *contra non valentem.*

The parties argue about whether the plaintiffs allege a "continuous course of conduct" by the defendants, so that the rules unique to "continuing torts" should apply. If a tort arises from continuous conduct, a cause of action does not accrue, and prescription does not begin to run, until the conduct is abated. *South Central Bell Telephone Co. v. Texaco, Inc.,* 418 So.2d 531, 533 (La.1982).

Plaintiffs contend that the defendants' advertising and running of public relations campaigns are continuing tortious actions. Plaintiffs also claim that defendants' concealment of documents constitutes a continuous tort.

In *GHR Energy Corp. v. Carboline Co.,* 744 F.Supp. 1405, 1407 (E.D.La.1990) (Mentz, J.), the Court held that the continuing tort doctrine and the notion of abatement cannot logically be applied to a claim of concealment of a product defect. The Court explained that failure to warn claims would never prescribe if the notion of abatement was applied; the claims would be timely as long as the defendant failed to make some kind of voluntary disclosure or continued to sell the challenged product or to make the challenged statements. *Id.*

As will be discussed below, plaintiffs' claims are *not* claims of failure to warn; consequently, *GHR Energy Corp.* does not govern the outcome of this motion. The Court finds that plaintiffs' allegations of fraud and deceit fit the definition of "continuing torts." Therefore, the burden of proof is on the defendants to show that the plaintiffs' action has prescribed. *Bustamento,* 607 So.2d at 542. The defendants have not shown that the allegedly tortious conduct has abated; therefore, they have not satisfied their burden of proof on the issue of prescription. *South Central Bell,* 418 So.2d at 533. Accordingly, the motion to dismiss on the basis of prescription is denied. The Court need not address the applicability of the doctrine of *contra non valentem.*

## PREEMPTION

Defendants argue, alternatively, that the plaintiffs' claims should be dismissed as preempted under the Federal Cigarette Labeling and Advertising Act. There is a presumption that the historic police powers of the states are not to be superseded by a federal act unless that is the "clear and manifest" purpose of Congress. *Cipollone v. Liggett Group, Inc.,* 505 U.S. ——, ——, 112 S.Ct. 2608, 2617, 120 L.Ed.2d 407 (1992). The presumption is especially strong where, as here, preemption would displace the power of a state to protect the health and safety of its citizenry. *Id.* at ——, 112 S.Ct. at 2619. *Cipollone* addressed the issue of preemption under the Federal Cigarette Labeling and Advertising Act of 1965, as amended by the Public Health Cigarette Smoking Act of 1969, 15 U.S.C. §§ 1331–1340, and as such, must be followed by this Court in ruling on this motion to dismiss. As will be discussed below, the Supreme Court held that some of the plaintiff's claims in *Cipollone* were preempted, but that other claims were not preempted. —— U.S. at ——, 112 S.Ct. at 2625.

In 1965, Congress enacted the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. §§ 1331–1340. The Act mandated warnings on cigarette packages, but barred the requirement of such warnings in cigarette advertising. 15 U.S.C. §§ 1333–1334. Section 2 of the Act declared its purposes: to adequately inform the public that cigarette smoking may be hazardous to one's health and to protect the national economy from the burden imposed by diverse, nonuniform and confusing cigarette labeling and advertising regulations. 15 U.S.C. § 1331.

To accomplish the first purpose, that of informing the public, § 4 of the Act mandated that all cigarettes sold or distributed in the United States must have a warning on the package stating: "CAUTION: CIGARETTE SMOKING MAY BE HAZARDOUS TO YOUR HEALTH." 15 U.S.C. § 1333 (1965). To accomplish the second

purpose, § 5 of the Act provided for preemption:

(a) No statement relating to smoking and health, other than the statement required by section 4 of this Act, shall be required on any cigarette package.

(b) No statement relating to smoking and health shall be required in the advertising of any cigarettes the packages of which are labeled in conformity with the provisions of this Act.

15 U.S.C. § 1334 (1965).

Then, in 1969, a new Act amended the 1965 Cigarette Act. The Public Health Cigarette Smoking Act of 1969 required a stronger warning on cigarette packages; from then on, the warning had to state that smoking *is dangerous* to one's health, rather than that it *may be hazardous.* 15 U.S.C. § 1333 (1969). And the 1969 Act modified the preemption provision in the 1965 Act by replacing § 5(b) with the following paragraph: "No requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this Act." 15 U.S.C. § 1334 (1969).

The *Cipollone* Court declared that the preemption provisions in § 5 of both the 1965 Act and the 1969 Act should be applied to determine whether a particular claim is preempted. —— U.S. at ——, 112 S.Ct. at 2618. Furthermore, because the Acts each contain a provision that defines the scope of the preemptory effect of that Act, those provisions must be construed narrowly and matters beyond their reach are not preempted. *Id.*

The Supreme Court found it necessary to look beyond the labels attached to plaintiffs' claims in order to decide whether they were preempted. *Id.* at ——, 112 S.Ct. at 2621. In order to decide whether any claim is preempted, a court must ask "whether the legal duty that is the predicate of the common law damages action constitutes a 'requirement or prohibition based on smoking and health ... imposed under State law with respect to ... advertising or promotion,' giving that clause a fair but narrow reading." *Id.*

■ Plaintiffs allege fraud and deceit by the defendants: that the defendants intentionally failed to disclose, and in fact concealed, the fact that nicotine is addictive, and that defendants were manipulating the nicotine content in cigarettes while concealing their manipulation. During March 1994, the plaintiffs discovered defendants' knowledge that nicotine is addictive and defendants' manipulation of the nicotine level in cigarettes when the House Energy and Commerce Committee, Subcommittee on Health and the Environment, chaired by Congressman Waxman (hereinafter "the Waxman subcommittee"), held hearings on the tobacco industry.

At the hearings before the Waxman subcommittee, the existence of crucial documents came to light for the first time. These documents were internal correspondence of Brown & Williamson Tobacco Corp., revealing that the company knew of the health hazards of cigarettes and of the addictive quality of nicotine as early as the 1960's. *See* Philip J. Hilts, "Tobacco Company Was Silent on Hazards," *New York Times,* May 7, 1994. David A. Kessler, M.D., Commissioner of the Food and Drug Administration, testified before Congress on June 21, 1994, quoting statements by officials of British American Tobacco and Philip Morris, showing their knowledge that nicotine was an addictive substance, as long ago as the 1960's. (Plaintiffs' Exhibit 9.)

*Cipollone* provides clear guidance on this claim. The Supreme Court declared that claims that "require a showing that respondents' post–1969 advertising or promotions should have included additional, or more clearly stated, warnings ... are preempted." —— U.S. at ——, 112 S.Ct. at 2621–22. However, the Court found no "general, inherent conflict between federal preemption of state warning requirements and the continued vitality of state common law damage actions." *Id.* at ——, 112 S.Ct. at 2618. *Cipollone* addressed the merit of the plaintiff's claims of fraudulent misrepresentation and conspiracy, holding that they were not preempted, even as they related to defendants' advertising and promotion, because "such claims are not predicated on a duty

'based on smoking and health' but rather on a more general obligation—the duty not to deceive." *Id.* at ——, 112 S.Ct. at 2623–24. The *Cipollone* plurality determined that Congress intended the phrase "relating to smoking and health" to be "construed narrowly, so as not to proscribe the regulation of deceptive advertising." *Id.* at ——, 112 S.Ct. at 2624. "Unlike state law obligations concerning the warning necessary to render a product reasonably safe, state law proscriptions on intentional fraud rely only on a single, uniform standard: falsity." *Id.*

The *Cipollone* Court held that claims based on affirmative misrepresentations are not preempted. Therefore, the plaintiffs' claims regarding fraud and deceit should not be dismissed as they relate to statements made by the defendants, such as those made to Congress in the hearings before the Waxman subcommittee, declaring that nicotine is not addictive. On April 14, 1994, the chief executive officers of each of the movants testified before Congress and the country that nicotine is not addictive. (Plaintiffs' Exhibit 11). Philip Morris thereafter purchased full-page newspaper advertisements which read in part: "Philip Morris does not believe cigarette smoking is addictive." (Plaintiffs' Exhibit 12). As the Supreme Court said, "state law prohibitions on false statements of material fact do not create diverse, nonuniform, and confusing standards." *Id.* at ——, 112 S.Ct. at 2624.

Under *Cipollone*, plaintiffs' fraud and deceit claims in this case must be maintained and defendants' motion to dismiss the plaintiffs' fraud and deceit claims is therefore denied.

■ Defendants contend that the plaintiffs' claims of negligent misrepresentation and of intentional infliction of emotional distress should also be dismissed as asserting claims of failure to warn. The Court finds that plaintiffs' negligent misrepresentation claim is predicated on a duty not to make false statements of material fact, which is not a duty based on smoking and health. Plaintiffs' claim for intentional infliction of emotional distress is based on a duty not to deceive, or more specifically, not to act in an extreme or outrageous manner through on-

going deceptive conduct. Consequently, the claims for negligent misrepresentation and intentional infliction of emotional distress are not preempted.

■ Plaintiffs allege that defendants violated consumer protection statutes, specifically, that defendants' conduct, including their ongoing manipulation of nicotine levels, suppression, subversion and distortion of medical and scientific research, constitutes unlawful, unfair, and fraudulent business practices and poses a serious threat to plaintiffs and the public. (Amended Complaint, ¶¶ 80–83). Plaintiffs, applying the *Cipollone* analysis, argue that this claim is not preempted because it is predicated on a duty not to engage in unfair competition based on using unfair, deceptive, untrue and misleading statements in order to promote and sell cigarettes, rather than on a duty based on smoking and health.

*Cipollone* did not involve a claim under a consumer protection statute. However, *Mangini v. R.J. Reynolds Tobacco Co.,* 7 Cal.4th 1057, 31 Cal.Rptr.2d 358, 875 P.2d 73 (1994), the first and only reported decision from any court that has addressed preemption issues in the context of tobacco litigation since *Cipollone* was decided by the Supreme Court, addressed whether a claim under the California Consumer Protection Statute was preempted. The California court determined that the predicate duty underlying plaintiffs' Consumer Protection Statute claim was the duty "not to engage in unfair competition by advertising illegal conduct [the buying/selling of cigarettes by/to minors] or encouraging others to violate the law." *Id.* 7 Cal.4th 1057, 31 Cal.Rptr.2d at 365, 875 P.2d at 80. Following the Supreme Court's method of analysis, the *Mangini* court found that the phrase "based on smoking and health" does not encompass the more general duty not to unfairly assist or advertise illegal conduct. *Id.*

The Court holds that the claims under the Consumer Protection Statute are not preempted. The duty imposed under the consumer protection statutes is much broader than a duty based on smoking and health.

■ The Supreme Court in *Cipollone* held that the plaintiff's state damages claims

based on breach of express warranty were *not* preempted by the 1965 Act or its successor, the 1969 Act. —— U.S. at ——, 112 S.Ct. at 2623. For the reasons stated by the *Cipollone* Court, that is, because the predicate duty is one imposed by the terms of the warranty and therefore arises from the conduct of the warrantor, rather than one imposed by state law, *id.* at ——, 112 S.Ct. at 2622, the plaintiffs' claim of breach of express warranty in this case is not preempted. The motion to dismiss is denied as to that claim.

■ Plaintiffs' breach of implied warranty claim alleges that defendants impliedly warranted that their cigarettes, which they designed, manufactured and sold to plaintiffs, were merchantable, fit and safe for their ordinary use. Plaintiffs concede that breach of implied warranty involves a duty imposed under state law. However, plaintiffs move on in the *Cipollone* analysis, arguing that the implied warranty claim is not related to defendants' advertising or promotion and is not predicated on a duty based on smoking and health. Plaintiffs characterize the duty as one not to manufacture and sell cigarettes that contain addictive nicotine, the levels of which have been purposefully manipulated in order to induce or maintain the plaintiffs' addiction. Plaintiffs maintain that compliance with the implied warranty of merchantability would not require a labeling requirement different from that mandated by the 1969 Act.

The Court finds that the duty imposed under the implied warranty is not one "based on advertising and promotion." It is based instead on defendants' manufacture and sale of the cigarettes, which contain nicotine, regardless of whether defendants advertise or promote them. This claim is not preempted, and the motion to dismiss is denied as to this claim.

■ Plaintiffs allege that the defendants are liable under theories of negligence and strict liability. Although the Supreme Court in *Cipollone* did not address whether these claims were preempted, the district court handling *Cipollone* addressed the issue and concluded that such claims were *not* preempted by the 1965 Act or the 1969 Act.

*Cipollone v. Liggett Group, Inc.,* 649 F.Supp. 664, 671–73 (D.N.J.1986); *accord Pennington v. Vistron Corp.,* 876 F.2d 414, 423 (5th Cir. 1989); *Gilboy v. American Tobacco Co.,* 582 So.2d 1263, 1265–66 (La.1991). Plaintiffs state the duty underlying the negligence and strict liability claims as one to avoid marketing cigarettes with manufacturing defects or to use a safer alternative design for cigarettes. This duty is one connected to defendants' testing and research practices and to other actions unrelated to advertising or promotion; therefore, these claims are not preempted. *See Cipollone,* —— U.S. at ——, 112 S.Ct. at 2622.

■ Plaintiffs argue that their redhibition claim, which alleges the defendants concealed the addictive nature of nicotine and intentionally manipulated nicotine levels in cigarettes, is not preempted either. The underlying duty is to refrain from selling products that contain a redhibitory vice or defect, which is a duty unrelated to smoking and health and unconnected with defendants' advertisements and promotions.

Once again, the Court finds that the plaintiffs' claim, this time for redhibition, is not preempted. The motion to dismiss is denied as to this claim.

*Cipollone* makes it clear that only failure to warn claims are preempted by the Federal Cigarette Labeling and Advertising Act of 1965, as amended in 1969. Claims given other names, which a court finds are actually failure to warn claims, are also preempted. However, the Court is not persuaded by defendants' arguments that any of the plaintiffs' allegations in this case are actually claims of failure to warn.

Accordingly,

**IT IS THE ORDER OF THE COURT** that the motion of defendants, The American Tobacco Co, R.J. Reynolds Tobacco Co., Philip Morris Inc., Liggett and Myers, Inc., Liggett Group Inc., Brooke Limited, Lorillard Tobacco Co., Lorillard, Inc., Brown and Williamson Tobacco Corp., United States Tobacco Corp., and the Tobacco Institute, Inc., to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on the bases of prescription and preemption be,

and the same is hereby **DENIED** as to each of plaintiffs' claims.

## ORDER DENYING RECONSIDERATION

This cause came on for hearing on a previous day on the motion of defendants, The American Tobacco Company, R.J. Reynolds Tobacco Company, Philip Morris Incorporated, Liggett & Myers, Inc., Liggett Group Inc., Brooke Group Ltd., Lorillard Tobacco Company, Lorillard, Inc., Brown & Williamson Tobacco Corporation, United States Tobacco Company, and Tobacco Institute, Inc., for reconsideration of the Court's denial of defendants' Rule 12(b)(6) motion to dismiss, or in the alternative for certification and stay of proceedings pursuant to Section 1292(b).

Oral argument was waived, and the Court, having studied the legal memorandum of the parties, is now fully advised in the premises and ready to rule.

### REASONS

On September 22, 1994, the Court denied the motion of defendants, The American Tobacco Company, R.J. Reynolds Tobacco Company, Philip Morris Incorporated, Liggett & Myers, Inc., Liggett Group Inc., Brooke Group Ltd., Lorillard Tobacco Company, Lorillard, Inc., Brown & Williamson Tobacco Corporation, United States Tobacco Company, and the Tobacco Institute, Inc., to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on the bases of prescription and preemption. The Court found that since defendants have not shown that their allegedly tortious conduct has abated, they have not satisfied their burden of proof on the issue of prescription. As to the preemption argument, the Court held that none of plaintiffs' claims were preempted under *Cipollone v. Liggett Group, Inc.*, 505 U.S. ——, ——, 112 S.Ct. 2608, 2625, 120 L.Ed.2d 407 (1992): fraud and deceit, negligent misrepresentation, intentional infliction of emotional distress, violation of consumer protection statutes, breach of express warranty, breach of implied warranty, negligence, strict liability, redhibition, and equitable relief.

Defendants now ask the Court to reconsider its rulings, claiming that all of the claims of plaintiffs are prescribed and that certain other claims are also perempted and/or preempted. In the alternative, defendants request that issues of prescription, peremption, and preemption be certified for interlocutory appeal under 28 U.S.C. § 1292(b) and that a stay of further proceedings be issued pending the outcome of the certification and appeal process.

Plaintiffs object to this motion and claim that defendants' motion is simply reargument without new facts or new law. Plaintiffs contend that dissatisfaction with a ruling provides no basis for the reargument of unsuccessful motions.

The Court agrees with plaintiffs that defendants have re-urged arguments set forth in their original briefs and have not provided the Court with any new cases or law which were not presented in their original briefs.

In their memorandum, defendants also argue that "this Court did not address at all defendants' separate argument that plaintiffs' claims under the Louisiana Unfair Trade Practices and Consumer Protection Law are not simply prescribed but are *perempted:* that is, the cause of action is totally destroyed after a year and cannot be resurrected by a 'continuing violation' theory." Doc. 182, p. 5. They further contend that the law on this point is unequivocal and that the claim should be dismissed. *Id.* The Court notes that defendants first alluded to this issue in a *footnote* on page 10 of defendants' 18 page *reply* memorandum filed on August 5, 1994. Defendants did not brief the peremption of plaintiffs' claims under the Louisiana Unfair Trade Practices and Consumer Protection Law, La.Rev.Stat. § 51:1409, in their original motion, nor did they argue peremption in the text of their reply brief. Neither party addressed peremption at the oral argument on August 31, 1994. It is clear to the Court that plaintiffs have never had the proper opportunity to respond to this issue. The Court finds that the issue of the peremption of plaintiffs' claims under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev.Stat. § 51:1409, has not been brought properly to the attention of the Court, and so

the Court will not address this issue at this time.

**■** The Court agrees with plaintiffs that their claims are *not* failure to warn claims. The parties do not dispute that the continuing tort doctrine is inapplicable in failure to warn causes of action. *See GHR Energy Corp. v. Carboline Co.,* 744 F.Supp. 1405, 1407 (E.D.La.1990). *GHR Energy Corp.,* a product defect case, is distinguishable from the present case. This case is not a product defect case. Rather, it appears to the Court that plaintiffs' primary allegations are of fraud and deceit: "that the defendants intentionally failed to disclose, and in fact concealed, the fact that nicotine is addictive, and that defendants were manipulating the nicotine content in cigarettes while concealing their manipulation." Doc. 156, pp. 7–8.

The Court reaffirms that defendants' allegedly tortious conduct constituted a "continuous course of conduct," and so the burden of proof is on the defendants to show that plaintiffs' action has prescribed. *Bustamento v. Tucker,* 607 So.2d 532, 542 (La.1992). "When the damaging conduct continues, prescription runs from the date of the last harmful act." *South Central Bell Telephone Co. v. Texaco, Inc.,* 418 So.2d 531, 532 (La.1982). Since defendants have not shown that their allegedly tortious conduct has abated, the Court finds that defendants have not satisfied their burden of proof on the issue of prescription. *Id.* at 533.

The Supreme Court in *Cipollone* held that the Federal Cigarette Labeling and Advertising Act, enacted in 1965, did not preempt state law damages actions. —— U.S. at ——, 112 S.Ct. at 2625. In addition, the *Cipollone* Court held that the Public Health Cigarette Smoking Act of 1969, the successor statute, "pre-empts petitioner's claims based on a failure to warn and the neutralization of federally mandated warnings to the extent that those claims rely on omissions or inclusions in respondents' advertising or promotions; the 1969 Act does not pre-empt petitioner's claims based on express warranty, intentional fraud and misrepresentation, or conspiracy." *Id.*

After this Court rendered its decision on defendants' motion to dismiss on September 22, 1994, the Texas Court of Appeals in Beaumont analyzed *Cipollone* and addressed preemption issues in the context of tobacco litigation on September 29, 1994. In *Grinnell v. American Tobacco Company,* 883 S.W.2d 791, 798 (Tex.App. Beaumont 1994), the Texas Court of Appeals held that "strict liability claims for defective design and defective manufacture of cigarettes, negligence, strict liability claims for failure to warn, express warranty and implied warranty claims, and claims based on alleged misrepresentations and civil conspiracy ... are simply not subject to preemption." Applying *Cipollone* and *Grinnell,* this Court again finds that plaintiffs' claims are not preempted.

Defendants have also moved this Court for certification and stay of further proceedings. Pursuant to 28 U.S.C. § 1292(b),

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals ... may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) "is designed to permit interlocutory appeals only for the purpose of minimizing the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court procedure." *Total Benefit Services, Inc. v. Group Insurance Administration, Inc.,* 1993 WL 98675, 1993 U.S.Dist. LEXIS 4362, at *2 (E.D.La. March 25, 1993), *citing* 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedures § 3930 (1977).

Interlocutory appeals under 28 U.S.C. § 1292(b) are exceptional and "should be used sparingly as not to contravene the Fifth Circuit's policy against piecemeal appeals." *Traffic Scan Network, Inc. v. Winston,* 1993 WL 390144, 1993 U.S.Dist. LEXIS 13726, at *6 (E.D.La. Sept. 24, 1993), *citing Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.,* 702 F.2d 67, 69 (5th Cir.1983) (Rubin, J.).

Defendants must satisfy *each* part of the three part test set forth in 28 U.S.C. § 1292(b): that this Court's orders involve (1) a controlling question of law; (2) that there is substantial ground for difference of opinion; and (3) that an immediate appeal from the orders will materially advance the ultimate termination of this case. *Aparicio v. Swan Lake,* 643 F.2d 1109, 1110 n. 2 (5th Cir.1981).

"While Congress did not specifically define what it meant by 'controlling,' the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litigation* (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir.1982), *aff'd, Arizona v. Ash Grove Cement Co.,* 459 U.S. 1190, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983). In *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978), the Supreme Court also used "exceptional circumstances" language when it stated that even if the district court certifies an order under § 1292(b), "the appellant 'still has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *In re Cement Antitrust Litigation,* 673 F.2d at 1026.

■ The Court finds that defendants' motion for certification and stay of proceedings pursuant to 28 U.S.C. § 1292 is premature at this time. When and/or if the defendants properly present the issue of the preemption of plaintiffs' claims under the Louisiana Unfair Trade Practices and Consumer Protection Law, La.Rev.Stat. § 51:1409, to the Court for its decision, and after the Court decides that issue, the defendants and/or the plaintiffs may move for certification and stay of proceedings pursuant to 28 U.S.C. § 1292. The Court will decide at that time whether an interlocutory appeal is proper on the issues of prescription, preemption, and peremption, and whether a stay is in order. The Court finds that this approach is most in keeping with the Fifth Circuit's policy against "piecemeal appeals."

Accordingly,

**IT IS THE ORDER OF THE COURT** that the motion of defendants, The American Tobacco Company, R.J. Reynolds Tobacco Company, Philip Morris Incorporated, Liggett & Myers, Inc., Liggett Group Inc., Brooke Group Ltd., Lorillard Tobacco Company, Lorillard, Inc., Brown & Williamson Tobacco Corporation, United States Tobacco Company, and Tobacco Institute, Inc., for reconsideration of the Court's denial of defendants' Rule 12(b)(6) motion to dismiss, be, and the same is hereby **DENIED.**

**IT IS THE FURTHER ORDER OF THE COURT** that the motion of defendants, The American Tobacco Company, R.J. Reynolds Tobacco Company, Philip Morris Incorporated, Liggett & Myers, Inc., Liggett Group Inc., Brooke Group Ltd., Lorillard Tobacco Company, Lorillard, Inc., Brown & Williamson Tobacco Corporation, United States Tobacco Company, and Tobacco Institute, Inc., for certification and for stay of proceedings pursuant to Section 1292(b), be, and the same is hereby **DENIED WITHOUT PREJUDICE AS PREMATURE.**