RUCHE J. MARINO, Judge Pro Tem.
Action by suit on an open account allegedly due appellants Hob’s Refrigeration and Air Conditioning, Inc. (hereinafter called Hob’s) against appellee, debtor, Emile Poche, (hereinafter called Poche) met with special defenses.
From an adverse judgment rejecting Hob’s demands the latter prosecutes this appeal.
The facts, while apparently confused, are relatively simple.
During the year ’67 Hob’s installed an air conditioning unit in Poche’s residence. The ’67 unit” was operational until May of ’69 when it was apparent to Poche that he required something to cool his house. However, before that something was put in Hob’s required that he pay the balance of his ’67 account which of course was subsequently paid. At any rate Poche decided that what he needed was one rebuilt compressor. Hob’s purchased the rebuilt com *547 pressor from Hob’s wholesaler, who expressly sold the rebuilt compressor to Hob’s expressly warranted the unit to Hob’s for 60 days. (Transcript p-8) The foregoing 60 day warranty (P-1) from the wholesaler to retailer did not appear on the Hob’s invoice to Poche as an express warranty as such to Poche. What does appear in the record is the testimony of Mr. Simon (transcript p-10) relating the warranty. On or about May 13, 1969 or May 15, 1969 the ’67 unit was replaced with the rebuilt unit and the full purchase price of $450 was paid by Poche to Hob’s.
Then the trouble started which is the crux of this suit. On or about August 8, 1969 Simon got a call from Poche relating that the unit was out. An employee of Hob’s, Templet, allegedly made the service call and was told about the malfunction previously, but due to his death his testimony was unavailable and we’ll never know what happened as far as his part was in his service function. Hob’s received a call on the 20th and on the 29th the compressor was replaced and unit fixed. On or about September 30, 1969 Poche got a bill which Poche refused to pay. The action at bar is to collect that amount.
First, the parties agree that the August 29, 1969 replacement unit for -which Hob’s billed Poche for was never paid.
Also, the record is clear that the August 29, 1969 unit was put in. Poche offered no proof to rebut the fact that it was installed.
Poche contends that the unit, if put in, was defective, and should have been replaced since the rebuilt compressor carried a 1 year warranty. The record discloses no facts to prove a 1 year express warranty. At most the record discloses a 60 day express warranty but this warranty was between the wholesaler (Hermetic) and the retailer Hob’s. There was no express warranty of 60 days between Hob’s and Poche. The facts just do not bear out any proof of an expressed warranty.
The defense of redhibition or a reduction in the purchase price was not raised by Poche or.his counsel. It would appear that if Poche’s unit did not function properly, then Poche had the right, if he so chose, to file a redhibitory action for defective machinery or file for a reduction of the price. This was not done.
The only question remaining is whether or not Hob’s proved his debt under what is legally required to prove a debt on an open account subject to the interposition of any legal defenses.
As indicated earlier the evidence proves that the last replacement unit (P-3) namely one carrier 6044, 220 volt, 3 phase rebuilt compressor was installed by its servicemen on August 29, 1969. (This is the unit that replaced the $450 unit installed on or about May 1969.) Furthermore, that on or about September 30, 1969 a bill was forwarded to Poche in the amount of $427.64 of which is unpaid. The installation was proved by a preponderance of the evidence and the amount remained unpaid.
Are there any legal defenses which could defeat the payment of this open account due?
The trial court found an implied warranty. In effect it was held that the replacement and repairs were the responsibility of Hob’s. The record discloses that no evidence was adduced to indicate that Poche had trouble during June and July of ’69 On August 8, 1969 was the next service date proved. It is beyond belief to find that Poche let two of the hottest months pass without making numerous calls to his air conditioner serviceman in order to have the problem corrected. Having factually moved down to the installation of a rebuilt compressor in May which breaks down in August where does the replacement and repair responsibility fall—which is and has been the issue of this case ?
The cases cited by the trial judge below are not apropros. A buyer cannot defeat the payment of that which is due on *548 open account by “shotgunning” defenses as was done in the case at bar. The court raised the defense of redhibition, with the implied warranty theory. To sustain a defense of redhibition, or in the alternative, reduction of price for vices warranting redhibition is apparent within 3 days following sales, it is incumbent upon defendant to establish the existence of the defects of which they complained but also the amount of reduction to which they are entitled.
Johnson v. H. W. Parson Motors, Inc., La.App., 231 So.2d 73. Clearly the burden of proof is on the buyer not the seller. A defendant may not simply defeat the request of the purchaser for the money due him on an open account. Thompson v. W. C. Warmack et al., La.App., 231 So.2d 636. Implied warranty cannot be used as an absolute defense as was done herein.
While it may not be a good business practice for Hob’s to conduct their business in such a fashion the responsibility of fixing the rebuilt compressor which malfunctioned in August is to be borne by Poche. Poche knew or should have known what he was getting when Hob’s installed the rebuilt compressor at Poche’s request and decision to put in a rebuilt compressor rather than a new compressor properly warranted. To install a rebuilt compressor in May, which subsequently goes out in the latter part of August, (all of which Poche had use of during the hottest months of the year with no proved complaints in the interim to Hobs,) and require that Hob’s bear the cost of fixing same in August is not a proper allocation of implied warranty-
This court is constrained to reverse the ruling of our trial brother below and enter judgment in favor of Hob’s requiring that: It is ordered, adjudged and decreed that there be judgment in favor of plaintiff-appellant Hob’s Refrigeration and Air Conditioning Inc., and against Emile Poche defendant-appellee in the full and true sum of four hundred twenty-seven & °%oo dollars ($427.64) together with legal interest from date of judicial demand. All cost of court to be borne by defendant-appellee Poche.
Reversed.
STOULIG, J., dissents with written reasons.