304 So.2d 326 (1974)
HOB'S REFRIGERATION AND AIR CONDITIONING, INC., Plaintiff-Appellant-Respondent,
v.
Emile POCHE, Defendant-Appellee-Relator.
No. 54897.
Supreme Court of Louisiana.
December 2, 1974.
Ronald J. Landry, Becnel & Kliebert, Gramercy, for defendant-appellee-relator.
Daniel E. Becnel, Jr., Reserve, for plaintiff-appellant-respondent.
TATE, Justice.
The plaintiff ("Hob's") sues to recover $427.64 "for equipment and services performed on an air-conditioner" owned by the defendant Poche. This account allegedly *327 due was founded principally on the replacement of a compressor on August 29, 1969. The chief defense urged by the defendant's answer (article 5) and by his evidence is that the compressor so installed was to replace a defective one previously sold to Poche by Hob's on May 15, some three months earlier.
The trial court upheld the defense and dismissed Hob's suit. The court of appeal reversed the dismissal and awarded Hob's judgment. 293 So.2d 546 (La.App. 4th Cir. 1974), certiorari granted 295 So.2d 809 (La. 1974).
In reversing, the majority of the court of appeal seems to have held that the present suit is on an open account for the compressor installed in August, 1969, and that the defendant Poche could not in it raise the defense of the defectiveness of the May, 1969 compressor (which the August compressor was installed to replace). The opinion seems to hold that Poche should have brought a redhibitory action to rescind the May, 1969 sale but is nevertheless fully liable for the August, 1969 open account.
We find no legal authority to support these conclusions. If (as the trial court held) the August, 1969 compressor was installed because of the defectiveness of the May compressor, then the seller was merely satisfying the law-created warranty against defects implicit in the May, 1969 sale. The buyer is thus not liable for the replacement compressor, the price of which is sought by the present suit.
In Louisiana sales, the seller is bound by an implied warranty that the thing sold is free of hidden defects and is reasonably fit for the product's intended use. Civil Code Articles 2475, 2476, 2520; Rey v. Cuccia, 298 So.2d 840 (La.1974). While this implied warranty against redhibitory defects may be limited by the seller, such a limitation, to be effective, must be clear and unambiguous. Articles 2474, 2503, 2522; Rey v. Cuccia, supra. The record in this case reveals no such limitation.
The uncontradicted evidence shows:
The defendant Poche paid $450 cash to have a rebuilt compressor installed in his home air-conditioning unit on May 15, 1969. This compressor was replaced, as defective, on August 29, 1969. There is not the slightest suggestion that any misuse by Poche caused the defects in the May unit.
Poche testified that the compressor went out some two weeks after its installation, that he repeatedly called one of the defendant's three officer-employees, that the latter (now deceased) eventually came and removed the compressor and then came back and replaced it, and that thereafter the unit operated without complaint. Poche did not, in fact, know the compressor he had bought in May had been replaced rather than repaired.
On the merits, the plaintiff Hob's chiefly suggests that its warranty on the $450 airconditioner compressor was only for sixty days. This argument is not based upon evidence of any such limitation of warranty made by its salesman or agreed to by the purchaser. It is, rather, based upon the 60-day warranty against defects in materials in workmanship contained in the invoice by which Hob's (not Poche) purchased the rebuilt compressor for $172 from Hob's supplier. (The compressor was sold and installed three days later to the defendant Poche for $450.)
The manufacturer's express warranty to the seller was not communicated to the buyer. Even if it could be construed to be in lieu of all other warranties including that against hidden defects, a waiver by the purchaser of the law-created implied warranty of fitness in his favor cannot be regarded as waived in the absence of clear and express agreement on his part. Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.1973); Radalec, Incorporated *328 v. Automatic Firing Corp., 228 La. 116, 81 So.2d 830 (1955). See also Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (1972).
The trial court pointed out that, even accepting Hob's theory (based upon the lack of notation in its haphazardly kept service recordsand strongly contradicted by Poche's testimony) that the compressor, bought on May 15, had operated without substantial complaint until August 29th, such a compressor did not comply with the implied warranty of fitness for the purpose for which purchased. A compressor purchased for $450 for a home air-conditioner should reasonably be expected to last longer than three months, even though purchased as a rebuilt unit. (The previous rebuilt compressor purchased by Poche from Hob's, for instance, had served for two years until it had been replaced.)
As noted by the dissenting judge in the court of appeal, 293 So.2d 548, 549-50: "In this case we are considering the sale of a rebuilt compressor. Obviously the warranty implied by law should not be for the same duration as that we would accord to a new compressor. See Richardson v. French, 253 So.2d 602 (La.App. 2d Cir. 1971). . . . [W]e do not suppose Poche [or any other purchaser] would have paid $450 for a compressor to function only three months. We agree that absent an express limitation of warranty to the contraryand there is none proved plaintiff impliedly warranted this unit would run for more than 90 days. Thus the defense that the work undertaken by plaintiff to remedy the defective May 15 installation should be at plaintiff's expense has merit."
Accordingly, we reverse the judgment of the court of appeal, and we reinstate the judgment of the district court which dismissed the plaintiff's suit. All costs assessed against the plaintiff.
Court of Appeal judgment reversed, and trial court judgment reinstated.