Gloria SCOTT, et al.,

v.

THE AMERICAN TOBACCO CO., et al.

Stiliani A. VAGIANOS

v.

PHILIP MORRIS, INC., et al.

Celeste GAUTHIER, et al

v.

PHILIP MORRIS, INC., et al.

Michael P. PORTEOUS, et al

v.

PHILIP MORRIS, INC., et al.

Jade K. PAPPION

V.

PHILIP MORRIS, INC., et al.

Susan M. CARUSO, et al

v.

PHILIP MORRIS, INC., et al.

Edward Joseph PERRET, Jr.

v.

PHILIP MORRIS COMPANIES, INC., et al.

Civil Action Nos. 96–1946, 96-2200, 96-2201, 96-2202, 96-2203, 96-2204 and 96-2779.

United States District Court, E.D. Louisiana.

Oct. 31, 1996.

& Bacon, Kansas City, MO, Richard A. Schneider, King & Spalding, Atlanta, GA, for American Tobacco Co., Inc., Brown & Williamson Tobacco Corp., Batus Inc., Batus Holdings Inc.

Robert E. Winn, Joy Goldberg Braun, Sessions & Fishman, New Orleans, LA, Bruce G. Sheffler, Mary T. Yelenick, Dean L. Jarmel, Chadbourne & Parke, New York City, for American Brands Inc.

Stephen H. Kupperman, Phillip A. Wittmann, Dorothy Hudson Wimberly, Stone, Pigman, Walther, Wittmann & Hutchinson, LLP, New Orleans, LA, Hugh R. Whiting, Mark A. Belasic, Dennis Murphy, Jones, Day, Ravis & Pouge, Cleveland, OH, for R.J. Reynolds Tobacco Co.

Stephen H. Kupperman, Phillip A. Wittmann, Dorothy Hudson Wimberly, Stone, Pigman, Walther, Wittmann & Hutchinson, LLP, New Orleans, LA, Dennis Murphy, Jones, Day, Ravis & Pouge, Cleveland, OH, for RJR Nabisco Inc.

Charles Fenner Gay, Jr., Scott Edward Delacroix, Deborah Bila Rouen, Adams & Reese, New Orleans, LA, Gary R. Long, Gregory L. Fowler, Tim Congrove, Shook, Hardy & Bacon, Kansas City, MO, for Philip Morris Inc., Philip Morris Companies, Inc.

Steven W. Copley, John Mason McCollam, Gordon, Arata, McCollam & Duplantis, LLP, New Orleans, LA, Gary R. Long, Gregory L. Fowler, Tim Congrove, Shook, Hardy & Bacon, Kansas City, MO, for Lorillard Tobacco Co., Inc., Lorillard Inc., Loews Corp.

Charles W. Schmidt, III, C. Edgar Cloutier, Christovich & Kearney, New Orleans, LA, for U.S. Tobacco Co., UST Inc.

Alan Harry Goodman, Lemle & Kelleher, New Orleans, LA, for Tobacco Institute, Inc.

John M. Holahan, New Orleans, LA, for J & R. Vending Service, Inc.

Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, LLP, New Orleans, LA, Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA, Robert Scott Buhrer, Flanders, Flanders & Buhrer, New Orleans, LA, Elizabeth J. Cabraser, Richard M. Heimann, Lieff, Cabraser, Heimann & Bernstein, San Francisco, CA, Leo Joseph Palazzo, Palazzo

Walter John Leger, Jr., Leger & Mestayer, New Orleans, LA, Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, LLP, New Orleans, LA, Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA, Elizabeth J. Cabraser, Richard M. Heimann, Lieff, Cabraser, Heimann & Bernstein, San Francisco, CA, Stephen Barnett Murray, Murray Law Firm, New Orleans, LA, for Gloria Scott, Deania M. Jackson.

Charles L. Chassaignac, Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, LLP, New Orleans, LA, Gary R. Long, Gregory L. Fowler, Tim Congrove, Shook, Hardy

Law Firm, New Orleans, LA, John Bologna Krentel, Metairie, LA, Michael Stephen Rolland, New Orleans, LA, for Stiliani A. Vagianos, Michael P. Porteous.

Lance Stephen Ostendorf, Thomas P. Anzelmo, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, LA, for George W. Groetsch, Inc.

Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA, Robert Scott Buhrer, Flanders, Flanders & Buhrer, New Orleans, LA, Elizabeth J. Cabraser, Richard M. Heimann, Lieff, Cabraser, Heimann & Bernstein, San Francisco, CA, for Celeste Gauthier.

Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, LLP, New Orleans, LA, Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA, Robert Scott Buhrer, Flanders, Flanders & Buhrer, New Orleans, LA, Elizabeth J. Cabraser, Richard M. Heimann, Lieff, Cabraser, Heimann & Bernstein, San Francisco, CA, Leo Joseph Palazzo, Palazzo Law Firm, New Orleans, LA, For Bryan Musso, Carolyn Oster, Suzanne Demarest, Jennifer R. Massett, Dawn Degruy.

Suzanne V. Foulds, New Orleans, LA, pro se.

Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, LLP, New Orleans, LA, Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA, Kenneth Michael Carter, Carter & Cates, New Orleans, LA, Elizabeth J. Cabraser, Richard M. Heimann, Lieff, Cabraser, Heimann & Bernstein, San Francisco, CA, John Bologna Krentel, Metairie, LA, for Jade K. Pappion.

Daniel J. Caruso, Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, LLP, New Orleans, LA, Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA, Elizabeth J. Cabraser, Richard M. Heimann, Lieff, Cabraser, Heimann & Bernstein, San Francisco, CA, John Bologna Krentel, Metairie, LA, for Susan M. Caruso, Steven M. Caruso.

Steven Joseph Rando, Jacobus & Rando, New Orleans, LA, Vaughn J. Perret, Mt. Hermon, LA, for Edward Joseph Perrett, Jr.

## ORDER AND REASONS

BERRIGAN, District Judge.

These matters come before the Court on motions to remand filed by the plaintiffs in each of the above captioned cases.[1] Having considered the records, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiffs filed these suits in state court after the Fifth Circuit rejected the proposed class action in *Castano v. American Tobacco Co.*, 84 F.3d 734 (5th Cir.1996). Each of these related cases was removed on the basis of diversity jurisdiction. The plaintiffs move to remand due to the absence of complete diversity between the parties. In each case, the Louisiana plaintiffs have named at least one non-diverse defendant who is a major distributor of tobacco products in Louisiana. The defendants maintain that the local distributor has been fraudulently joined in order to prevent removal, while the plaintiffs maintain that they have pled viable claims against the non-diverse distributors under Louisiana law.

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The removing party must demonstrate that there is *no possibility* that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir.1994). *All* disputed questions of fact and all ambiguities in controlling state law are resolved in favor of the non-removing plaintiffs. *Id.* The Court determines whether there is *any* possibility of recovery against the non-diverse party. *Id.* The Court should *not* pre-try the case, but can pierce the pleadings and consider summary-judgment-type evidence to determine fraudulent joinder. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir.1990), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990).

---

1. *Gloria Scott v. American Tobacco Co., Inc.*, Civil Action No. 96–1946 "C" (5), is a class action brought on behalf of Louisiana smokers and ex-smokers. The remainder of the cases are brought on behalf of individual Louisiana smokers or ex-smokers.

The focus of the motions to remand is the in-common claim under Louisiana redhibition articles, La. Civ.Code 2520 *et seq*, against the local distributors of the tobacco products regarding the alleged addictiveness of nicotine and the alleged manipulation of the nicotine levels in cigarettes.[2] According to the plaintiffs, La. Civ.Code art. 2531 permits suit against a "good faith distributor" of a defective product.[3]

Relevant portions of Louisiana's redhibition articles provide as follows:

Art. 2520. Warranty against redhibitory defects

The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.

A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.

Art. 2531. Liability of seller who knew not of the defect

A seller who did not know that the thing he sold had a defect is only bound to repair, remedy, or correct the defect. If he is unable or fails so to do, he is then bound to return the price to the buyer with interest from the time it was paid, and to reimburse him for the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, less the credit to which the seller is entitled if the use made of the thing, or the fruits it has yielded, were of some value to the buyer.

A seller who is liable for a redhibitory defect has an action against the manufacturer of the defected thing, if the defect existed at the time the thing was delivered by the manufacturer to the seller, for any loss the seller sustained because of the redhibition. Any contractual provision that attempts to limit, diminish or prevent such recovery by a seller against the manufacturer shall have no effect.

▮ The defendants argue that the plaintiffs are unable to recover against the in-state distributors in redhibition as a matter of law. They argue redhibition has no relevance to the claims because the plaintiffs cannot allege that the cigarettes could not be used or were too inconvenient to use; instead the products functioned as intended. Therefore, according to the defendants, the plaintiffs' claims should be characterized as tort claims based on the alleged consequences of product use, not claims based on hidden defects.[4]

The defendants' argument ignores any meaningful distinction between redhibition and products liability cases. It relies on

---

**2.** The defendants' first argument for removal is based on the alleged unavailability under Louisiana law of any tort recovery for the plaintiffs. In this argument, the defendants address the alleged lack of merit to the plaintiffs' theory of nicotine addiction and manipulation and maintain that cigarettes are not defective for tort purposes. However, because the plaintiffs' argument for remand is directed toward the redhibition claims, the Court will not address the viability of tort action against the in-state defendants.

**3.** The plaintiffs' argument also includes the claims against the non-diverse defendants for breach of implied warranty under La. Civ.Code arts. 2524 and 2475. Article 2524 specifically provides for the warranty that "[t]he thing sold must be reasonably fit for its ordinary use," and provides for contractual remedies for breaches. This warranty is distinguishable from the warranty against redhibitory vices. See: George L. Bilbe, *Redhibition and Implied Warranties under the 1993 Revision of the Louisiana Law of Sales*, 54 La. L.Rev. 125 (1993). However, any distinc-

tion is of no moment here where the parties acknowledge that the courts have referred to both warranties in redhibition interchangeably. *Id*. See also: *Hob's Refrigeration & Air Conditioning, Inc. v. Poche*, 304 So.2d 326 (La.1974); *Rey v. Cuccia*, 298 So.2d 840 (La.1974).

**4.** In addition, the defendants maintain that the plaintiffs cannot recover under redhibition because they must first return the product to the seller unless the defect caused the destruction under Louisiana law, relying on *Edmundson Bros. v. F.M. Carriere & Son, Inc.* 552 So.2d 1229 (La.App. 3d Cir.1989), *writ denied*, 558 So.2d 587 (La.1990). In *Edmundson*, the court addressed the substantive redhibition issues despite the fact that the remaining unused product was not tendered or returned. In any event, as noted by the plaintiffs, the Fifth Circuit specifically recognizes that, "Redhibition encompasses those situations whether the product cannot be returned." *PPG Industries, Inc. v. Industrial Laminates Corp.*, 664 F.2d 1332, 1336 (5th Cir.1982).

caselaw that also blurs the line when dealing with the distinct issue of attorneys fees. See: *Walker v. Maybelline Co.*, 477 So.2d 1136 (La.App. 1st Cir.1985), *writ denied*, 481 So.2d 133 (La.1986).

The language of Article 2531, on the other hand, is clear and applies to a seller in good faith who has a right against the manufacturer. The article supports the viability of redhibition claims against a distributor and does not require knowledge of the defect on the part of a seller. The plaintiffs' claims are not directed toward the issue of whether or not smoking is harmful,[5] but whether the defendants' cigarettes are defective because of the defendants' covert alleged nicotine control and manipulation in order to sustain addictions. Given the absence of persuasive authority prohibiting such a suit against a seller, and in light of their heavy burden imposed on the defendant to prove fraudulent joinder, the Court must find in favor of the of the plaintiffs on this issue.

Finally, the defendants' argument that the plaintiffs' claims are barred by the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. § 1331, *et seq.* ignores the clear distinction made the cornerstone of the Supreme Court's opinion in *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). As recognized by Judge Heebe *Castano v. American Tobacco Co.*, 870 F.Supp. 1425 (E.D.La.1994), the Supreme Court found that the claim of fraudulent misrepresentation was not preempted because "such claims are predicated not on a duty 'based on smoking and health' but rather on a more general obligation—the duty not to deceive." *Castano*, 870 F.Supp. at 1432–1433, (quoting *Cipollone*, 505 U.S. at 528–29, 112 S.Ct. at 2624). The Supreme Court also found that the claim of conspiracy to misrepresent or conceal was not preempted because it did not involve a duty "based on smoking and health." *Cipollone*, 505 U.S.

at 529, 112 S.Ct. at 2624. *See: Castano*, 870 F.Supp. at 1432–1433.

In most respects these motions to remand are routine. The only distinguishing issue concerns the defendants' argument for supplemental jurisdiction in the class action, raised and opposed by the parties in footnotes. In footnote 9, the defendants argue that a large proportion of the class members will not have purchased cigarettes from any of the in-state distributors and therefore there is diversity or supplemental jurisdiction. The plaintiffs respond in their footnote 6 that because the class is limited to Louisiana plaintiffs, it is likely that all the Louisiana plaintiffs have claims against a major Louisiana distributor.

The defendants rely on three cases in support of an argument for supplemental jurisdiction under 28 U.S.C. § 1367. In *Chastang v. Metropolitan Life Insurance* Co., No. 95–1040–BH–C (S.D.Ala. Mar. 7, 1996) and *Arnold v. Ford Motor Co.*, No. 95–PT–0073–M (N.D.Ala. May 2, 1995), the vast majority of the proposed class members were diverse. Because of the limitation of membership to Louisianians and the status of the nondiverse defendants as major Louisiana distributors, the defendants' proposition lacks factual support for purposes of these motions. As noted by the *Arnold* court, 28 U.S.C. § 1367(c)(2) specifically permits a court to decline supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." In addition, this is not a situation in which the Court has original jurisdiction by virtue of diversity over the named plaintiffs' claims. Compare: *In re Abbott Laboratories*, 51 F.3d 524 (5th Cir.1995).

Finally, the defendants rely on *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996), for the related proposition that the misjoinder of resident defendants can be fraudulent joinder for purposes of removal.

---

**5.** The defendants essentially suggest that the Court take judicial notice that the claimed defect is part of the general knowledge of the public. It is true that the Fifth Circuit recognized that the fact that tobacco is harmful is common knowledge in *Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168 (5th Cir.1996). Tobacco's harmfulness and the fact that cigarettes function as they are

intended are not the gist of the claims here. The defendants' argument that there can be no claim for redhibitory defect as a matter of law is similarly misdirected. In any event, the Court does not reach the merits of any theory of nicotine addiction and manipulation or whether cigarettes contain a redhibitory defect.

That case is readily distinguishable from these cases, where it cannot be said that the resident distributors have "no real connection with the controversy." *Tapscott,* 77 F.3d at 1360.[6]

Accordingly,

IT IS ORDERED that the plaintiffs' motions to remand are hereby GRANTED for lack of subject matter jurisdiction under 28 U.S.C. § 1441(c). No costs will be assessed.

6. In light of the Court's ruling, it does not reach the issue regarding jurisdictional amount in the individual cases or the motion to dismiss or, alternatively, motions for summary judgment filed by George W. Groetsch, Inc., the Louisiana distributor in the individual cases.